IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TOMMY JAMES LEE HORNE | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv46 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Tommy James Lee Horne, an inmate confined within the Bureau of Prisons, through counsel, filed the above-styled motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The magistrate judge recommends the motion to vacate be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the records, pleadings and all available evidence. Movant filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections in light of the record and the applicable law. After careful consideration, the court agrees with the conclusions of the magistrate. However, one point raised by movant requires additional consideration.

Movant's sentence was increased because he was determined to be an Armed Career Offender. This conclusion was based on the determination that movant had the three following prior convictions for violent felonies or serious drug offenses: (a) a 1987 Texas conviction for burglary of a building; (b) a 1989 Michigan conviction for delivery of a controlled substance and (c) a 1991 Michigan conviction for delivery of a controlled substance. Movant asserts that counsel failed to conduct an adequate investigation of his criminal history and therefore failed to discover the 1989 conviction and based her advice as to the possible sentence he could receive

upon conviction on the presumption that he only had two prior qualifying convictions.

The magistrate judge determined counsel was not ineffective because as movant did not state he had informed her of the third conviction and as the record indicated that prior to the preparation of the PreSentence Investigation Report, neither the government nor defense counsel was aware of the 1989 Michigan conviction for delivery of a controlled substance, counsel had no reason to suspect there was another qualifying conviction.[1]  In his objections, movant states defense counsel should have been aware of the 1989 conviction because testimony at the Arraignment and Detention Hearing held on May 28, 2003, revealed this conviction.

A review of the transcript of the hearing demonstrates movant is mistaken.  During the hearing, Quo Mitchell, a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosive, testified movant had two 1991 Michigan convictions for possession of a controlled substance, as well as a Michigan conviction for violation of drug law.  There was no reference to a conviction for delivery of a controlled substance or a conviction in 1989.  As a result, movant's objection on this point, as well as his other objections, are without merit.

## ORDER

Accordingly, movant's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered denying this motion to vacate.

**SIGNED** this the 29 day of **July, 2009.**

_____
Thad Heartfield
United States District Judge

---

[1] In her response to movant's third objection to the Presentence Investigation Report, the probation officer stated the third qualifying felony was not discovered until after the trial took place.